CHIEF JUSTICE CARRICO, with whom JUSTICE HASSELL and JUSTICE KEENAN
join, dissenting.
Obviously uncertain that the Mentz to Auerbach deed is sufficient in its own terms to impose upon Parcel A the extra burden of an easement appurtenant to the 122.5-acre Mentz tract, the majority strives to convince the reader that any uncertainty is removed when the deed is read together with the incorporated plat. But the plat does not aid the position taken by the majority; all the majority can point to on the plat is the “add-on” language similar to the language contained in die deed. So, if the deed is not sufficient in and of itself, it is not sufficient even with the plat.
Be that as it may, the deed, in unmistakable terms, reserves “an easement of right-of-way 50 feet in width along the western line of Parcel A leading from State Route 606 to Parcel B as a means of ingress and egress to and from Parcel B and State Route 606.” (Emphasis added.) Nothing in this language even suggests that the easement shall also be appurtenant to the 122.5-acre tract. Furthermore, the plat graphically depicts the easement exactly as it is described in the deed, with the easement shown touching Parcel B at a point several hundred feet from the nearest line of the 122.5-acre tract. Nothing in this depiction indicates that the easement is also appurtenant to the 122.5-acre tract.
Then comes the language that is so crucial to the result reached by the majority, viz., “Parcel B ... is added on to the [122.5-acre tract] as an add-on.” This language is contained in a paragraph which states that it is included in the deed for the purpose of correcting a certain plat and which also states that the correction is made “not for the purposes of creating additional building lots.”
*417 Now, one would think that if it were the intention of the parties to make the easement in question appurtenant to the 122.5-acre tract, a most important result to all concerned, they surely could have found clear and direct language to express their intention, rather than the incomprehensible “added on ... as an add-on” language. As it is, I think that the language used adds nothing even remotely connecting the use of the easement to the 122.5-acre tract. At least, I hope we have not yet reached the point where we will allow such meaningless language to be considered sufficient to affect estates in land. I would reverse the judgment of the trial court and enter final judgment here in favor of Auerbach and Ortmann.